Argued June 4, affirmed September 10, 1969

DAVIS, *Appellant, v.* TYRRELL, *Respondent.*

458 P2d 423

*Robert G. Ringo*, Corvallis, argued the cause for appellant. On the briefs were Ringo, Walton & McClain, Corvallis.

*Asa L. Lewelling*, Salem, argued the cause and filed a brief for respondent.

Before SLOAN, Presiding Justice, and O'CONNELL, GOODWIN, DENECKE, and HOLMAN, Justices.

HOLMAN, J.

This was an action for damages because of personal injuries sustained in an automobile accident. Plaintiff appealed from a judgment entered on a verdict for defendant.

Plaintiff was a passenger in an automobile being driven by her husband in a westerly direction on High-

way 20 between the cities of Corvallis and Newport. Defendant was the operator of a truck and trailer loaded with peeler cores which was being operated in the same direction behind the automobile. The accident occurred upon a steeply descending, straight portion of the highway upon which two crews of men were working. Toward the top, or east end of the straight portion, a crew was installing asphalt curbs on the southerly edge. Several hundred feet west of this point a crew was surveying the center line of the highway. Both crews displayed signs warning approaching traffic. Both vehicles slowed as they passed the surveying crew. The automobile decelerated at a faster rate than the truck and was hit in the rear by the front of the truck at a point in the highway just west of the surveying crew.

Plaintiff's first assignment of error is the failure of the trial court to instruct the jury that defendant was negligent as a matter of law. She did not request a directed verdict. The plaintiff charged negligence in several particulars; *i.e.,* following too closely, lack of control, improper lookout, and excessive speed. The law, statutory in cases of speed and distance from a preceding vehicle and common law in the instances of lookout and control, requires that the operator of a vehicle shall conduct himself as a reasonably prudent person would have done under the circumstances then existing. In certain instances statutory speeds exist, the exceeding of which establishes *prima facie* negligence, but in the present case there was evidence from which the jury could have found that defendant was operating his vehicle at less than any statutory speed.

The testimony must be viewed in the manner which is most favorable to defendant because the jury returned its verdict in his favor. The automobile over-

took and passed the truck at the top of the straight portion of the highway. After passing, the automobile pulled back into the west-bound lane of traffic two or three car lengths ahead of the truck. The vehicles were in this position when they passed the asphalt crew. After both vehicles passed the asphalt crew, they increased their speed and the automobile accelerated faster and pulled away slightly. At no time was the automobile very far ahead of the truck. When the truck was not more than 150 feet from the survey crew and the automobile was 80 feet in front of him, defendant saw the automobile brake lights go on. At that time the truck was traveling between 25 and 28 miles per hour. At that speed on that grade with a load of that weight, it would have taken 500 feet to stop the truck. Defendant slowed down as rapidly as he could, but the automobile decelerated so fast that he could not slow down sufficiently to avoid hitting it. He could not pull to the left side of the road without running over the surveying crew. As defendant passed the surveying crew, he commenced blowing his horn. At that time he was one and one-half or two car lengths behind the automobile. After passing the crew, defendant adopted emergency procedures and completely locked all brakes on the trailer. At this time he was going at a speed of 22 or 23 miles per hour and he was a car length behind the automobile. The collision occurred 125 feet west of the surveying crew at a point nine-tenths of a mile from the top of the straight portion of the highway.

■ Under such circumstances we believe it was a jury question whether defendant was operating his truck other than as a reasonably prudent person would have operated it. It can be argued that defendant was going too fast and following too closely when he could

not stop within 500 feet. On the other hand, there was evidence from which a jury could find that the truck's maximum speed was never more than 25 miles per hour. It is almost impossible to drive such a vehicle as defendant's and at times not follow another vehicle at less than the distance in which a loaded truck could be stopped. Whether normally prudent truck operators would have driven as defendant did under the attendant circumstances is the kind of question that juries are particularly suited to decide.

■ Plaintiff next contends that the court erred in giving the following instruction:

"* * * Now, with regard to the law pertaining to the duty of maintaining a lookout, I instruct you that it is the continuing duty of a driver of a motor vehicle to keep and maintain a reasonable lookout for other vehicles or persons on the highway and this includes the duty to keep a lookout to the rear. A reasonable lookout means such as would be maintained by a reasonable [sic] prudent person under the same or similar circumstances. In determining this question, you should take into consideration any standard of degree of danger reasonably to be expected. * * *."

Plaintiff argues that a motorist is not ordinarily required to keep a lookout to the rear and that such a lookout is required only when attention has been called to the presence of a vehicle there. Be that as it may, the instruction only required that the lookout to the rear be that of a reasonably prudent person under the same circumstances. If the circumstances were such that plaintiff's husband should not have looked to the rear in the exercise of reasonable prudence, the instructions did not require it.

In addition, plaintiff argues that specifically mentioning lookout to the rear only served to emphasize

unnecessarily one aspect of the kind of lookout that had to be maintained and therefore constituted a comment on the evidence. We agree that the specific mention of lookout to the rear was unnecessary. However, we do not believe it was error nor do we believe it could have been prejudicial.

The next two assignments of error relate to the trial court's failure to give two Oregon State Bar uniform jury instructions which were requested by plaintiff. They were:

15.02 The proximate cause of damage need not be the only cause. To the contrary, many factors, or the conduct of two or more persons, may operate concurrently, either independently or together, to cause an injury, and in such case each may be a proximate cause of the damage even though other factors or conduct would of themselves have been sufficient to cause the same damage.

12.15 When the negligence of two or more persons concurs in proximately causing damage to another, each such person is liable for the entire damage regardless of the relative degree to which he has contributed to it.

The instructions were appropriate because the jury could have found from the evidence that both defendant and plaintiff's husband were negligent in the operation of their respective vehicles and that their negligence combined in causing the accident. The jury was actually given the following instructions relative to causation:

"* * * Now, in addition to finding that there must have been some negligent conduct on the part of the defendant, if you find that there was such conduct, you then must find that such negligent conduct, if any, was a proximate cause of the injury or damage to the plaintiff. When we speak of proxi-

mate cause, we are really distinguishing proximate from remote and we are really talking about what was the legal—was this a legal cause of the injury or the damage complained of. * * * In this case the plaintiff is not responsible for the negligence, if any, of the driver of the automobile in which she was riding; therefore, even if such driver was negligent in some manner and his negligence contributed to the proximate cause of the injury or damage to the plaintiff, this wouldn't prevent the plaintiff's right of recovery. However, this does not preclude you as jurors from determining whether the negligence, if any, of the driver of the automobile in which she was a passenger was the sole proximate cause of the injury distinguishing here sole from a proximate cause of injury. What I am saying to you is that if you found from the evidence that the negligence, if any, of the driver of her vehicle was the only cause, then of course you could not find that the negligence, if any, of the defendant was a proximate cause. * * *."

The question is whether the instructions given adequately cover the subject matter of the instructions requested. The first requested instruction tells the jury that the law recognizes that there can be concurrent causation of damage. The second instruction relates to the financial responsibility for damage that results when the negligence of two or more persons concurs in causing it.

■ The primary definition of "proximate cause" was of doubtful adequacy. However, there was no exception taken to it. The instructions given were not very concise, but we believe they adequately conveyed the ideas expressed by the requested instructions; *i.e.,* that there can be more than one legally recognized cause of damage and that if the negligence of two persons concurs in so causing damage, any one of such persons is responsible for the whole.

■ As a last assignment of error, plaintiff contends that a portion of the above-quoted instruction given by the court was erroneous. The exception taken by plaintiff was as follows:

"* * * Secondly, in discussing proximate cause, the Court digressed and discussed proximate cause of other parties as and used the phrase: However, this does not preclude, and I believe the language was the acts or conducts of others as being the sole proximate cause. I could have the Court Reporter read the exact language, but is the Court familiar with the part I'm referring to?

"THE COURT: Yes.

"MR. RINGO: We again bring the attention that this is a comment on the evidence. * * *."

We see nothing erroneous in pointing out to the jury that if the negligence of the driver of the vehicle in which plaintiff was a passenger was the sole cause of the accident, defendant's negligence, if any, could not be a proximate cause of it.

The judgment for defendant is affirmed.